UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JENNIFER ANNE NEWMAN, No. 07-10706

Debtor(s).
_____/

Memorandum re Unauthorized Practice of Law by Petition Preparer Sue Hall
_____

     In this Chapter 7 case, debtor Jennifer Newman came before the court seeking waiver of her filing fee. The court reviewed her schedules and commented that they were in error in several respects. For one thing, Newman had scheduled her student loans as priority debts. In response, Newman told the court that she had used a petition preparer named Sue Hall. Newman said that she knew the schedules were wrong, had asked Hall to change them, and that Hall had told her the schedules were correct. The court then ordered Hall to appear and show cause why she should not be sanctioned for the unauthorized practice of law.

     In response, Hall denied that she had refused to correct Newman's schedules. In her defense, she produced the worksheet she had given to Newman to fill out and return. However, the worksheet clearly established that Hall has been engaged in the unauthorized practice of law.

     The worksheet used by Hall was (she alleges) prepared by a lawyer. It contains tidbits of legal advice, such as "Fines for drunk driving, back child or spousal support are not dischargeable (these items you must pay for)" and "Insider includes relatives of the debtor, general partners of the debtor, etc." It also states,

1

in the section asking for priority debt, "Taxes and student loans may or may not be dischargeable."

Since Hall is not supervised by the lawyer who drafted the worksheet and the lawyer is not the attorney of the debtor, Hall's use of the worksheet constitutes the unauthorized practice of law. Solicitation of information which is then translated into completed bankruptcy forms is the unauthorized practice of law. *In re Reynoso*, 315 B.R. 544, 552 (9th Cir. BAP 2004), aff'd 477 F.3d 1117 (9th Cir. 2007). Anything Hall did beyond typing a set of official forms Newman had filled out filled out was unlawful, as was the giving of legal advice by proxy. Not only was Hall's characterization of the student loans as priority debts wrong, it was also unlawful. 11 U.S.C. § 110(e)(2)(B)(vi); *Taub v. Weber*, 366 F.3d 966 (9th Cir. 2004)[determination as to how a debt should be scheduled was the unauthorized practice of law].

Moreover, § 110(e)(2)(A) of the Bankruptcy Code prohibits a petition preparer from offering any legal advice to a debtor. The court finds that Hall violated this section by giving Newman the worksheet, which contained legal advice. It is of no consequence that the worksheet may have been drafted by a lawyer; only a lawyer can give it to a debtor without violating this section.

Since the U.S. Trustee has expressed an intent to pursue Hall further, the court will assess no sanctions at this time beyond an order that Hall return all fees paid to her by Newman immediately. This order shall be without prejudice to further sanctions the U.S. Trustee may seek.

Dated: August 6, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2